IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, LLC,<br>　　　　Plaintiff,<br>v.<br><br>GRAPHIC PACKAGING GROUP, LLC,<br>　　　　Defendant. | Civil Action No. _____ |

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION

Graphic Packaging International, LLC (formerly known as Graphic Packaging International, Inc.) ("GPI"), by counsel, for its causes of action against Defendant, Graphic Packaging Group, LLC ("GP Group"), alleges and states:

INTRODUCTION

1)    GPI must protect the substantial goodwill it has in its distinctive, federally registered trademarks that have gained a reputation as being a source of high-quality sustainable consumer packaging and related goods and services. GPI tried to resolve this dispute amicably before filing suit, but the Defendant GP Group refused to rebrand to avoid trademark infringement and unfair competition.

PARTIES

2)    GPI is a Delaware limited liability company having its primary place of business at 1500 Riveredge Parkway, Atlanta, Georgia, 30328. GPI has done business throughout the United States for decades. GPI registered to do business in

1

Connecticut on October 19, 2018, and its predecessor registered to do business in Connecticut on August 9, 1991.

3) Defendant GP Group is a Delaware limited liability company having its primary place of business at 240 Hartford Avenue, Newington, Connecticut, 06111. According to the Connecticut Secretary of State's online business search, GP Group incorporated on October 12, 2023.

## JURISDICTION AND VENUE

4) GPI asserts claims for infringement of several federally-registered trademarks in violation of the Lanham Act (15 U.S.C. § 1114 *et seq.*) and for unfair competition in violation the Lanham Act (15 U.S.C. § 1125(a)).

5) This Court has subject matter jurisdiction. 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6) This Court has personal jurisdiction over GP Group. GP Group is domiciled in, and has its primary business activity in, Connecticut. GP Group has committed, and continues to commit, acts of trademark infringement of GPI's Registered Marks (defined below) in Connecticut and elsewhere.

7) Venue is proper in this Court. 28 U.S.C. § 1391. GP Group transacts business in Connecticut, and a substantial part of the events giving rise to GPI's claims occurred and are continuing in Connecticut.

## GPI's REGISTERED MARKS

8) GPI owns incontestable United States Trademark Registration No. 3,205,597 (the "'597 Registration") for the standard character mark GRAPHIC

PACKAGING that registered on February 6, 2007. The '597 Registration covers the following goods:

> PACKAGING MATERIALS, NAMELY PAPERBOARD CARTONS, CARDBOARD CARTONS, PAPERBOARD CARTON BLANKS, CARDBOARD CARTON BLANKS, PAPERBOARD CARTON SLEEVES, CARDBOARD CARTON SLEEVES, PAPER FOR WRAPPING AND PACKAGING, PLASTIC WRAP AND CHEMICALLY COATED PAPER FOR WRAPPING AND PACKAGING; LAMINATES OF PAPER FOR COMMERCIAL PACKAGING, IN CLASS 16

*See '597 Registration Certificate attached hereto as Exhibit 1 and incorporated herein by reference.*

9) GPI owns incontestable United States Trademark Registration No. 2,578,005 (the "'005 Registration") for the standard character mark GRAPHIC PACKAGING that registered on June 11, 2002 and amended on January 21, 2014. The '005 Registration covers the following goods:

> CUSTOM MANUFACTURE OF PACKAGING MATERIALS TO THE ORDER AND SPECIFICATIONS OF OTHERS, IN CLASS 40

*See '005 Registration Certificate attached hereto as Exhibit 2 and incorporated herein by reference.*

10) GPI owns incontestable United States Trademark Registration No. 3,205,598 (the "'598 Registration") for the stylized mark



that registered on February 6, 2007. The '598 Registration covers the following goods:

PACKAGING MACHINES, IN CLASS 7

LAMINATED PLASTIC PACKAGING FILM, IN CLASS 17

PACKAGING MATERIALS, NAMELY PAPERBOARD CARTONS, CARDBOARD CARTONS, PAPERBOARD CARTON BLANKS, CARDBOARD CARTON BLANKS, PAPERBOARD CARTON SLEEVES, CARDBOARD CARTON SLEEVES, PAPER FOR WRAPPING AND PACKAGING, PLASTIC WRAP AND CHEMICALLY COATED PAPER FOR WRAPPING AND PACKAGING; LAMINATES OF PAPER FOR COMMERCIAL PACKAGING, IN CLASS 16

*See '598 Registration Certificate attached hereto as Exhibit 3 and incorporated herein by reference.*

11) GPI owns incontestable United States Trademark Registration No. 5,775,659 (the "'659 Registration") for the standard character mark GRAPHIC PACKAGING that registered on June 11, 2019. The '659 Registration covers the following goods:

CUP LIDS; CUPS in Class 21

*See '659 Registration Certificate attached hereto as Exhibit 4 and incorporated herein by reference.*

12) GPI refers to the '597, '005, '598, and '659 Registrations collectively as the "Registered Marks."

13) GPI uses its Registered Marks throughout the United States in connection with a variety of goods and services, including without limitation:

- Packaging such as cartons, foodservice, microwave, trays, paperboard canisters, flexible packaging, retail food contains, leaflets and inserts, and mailers;

4

- Materials such as paperboard, barrier papers, lidding films, pouches and sachets, coatings, and laminations;
- Finishes and enhances such as premium print finishes and enhancements, security enhancements, structural and design enhancements, promotional and design enhancements, and additional finishing; and
- Machinery systems such as basket, clip-style, and enclosed multipack machinery, sleeve wrapping machinery, carton formers, paperboard canister machines, pick and place machines, and custom machines.
- Custom design services such as design services for new product development, graphic design, operational demands of high-volume production, and machinery design and deployment.

14) GPI provides its goods and services to at least the following markets: beverage, food, foodservice, home & garden, personal care, healthcare & pharmaceutical, pet care, beauty, e-commerce, and contract manufacturing and packaging.

## GP GROUP'S INFRINGING MARKS

15) GP Group's actions threaten the goodwill and reputation for quality goods and services GPI has cultivated for decades.

16) GP Group has used and continues to use the mark GRAPHIC PACKAGING GROUP, which is confusingly similar to GPI's Registered Marks, to sell "quality print solutions for pressure sensitive and flexible packaging

applications." *See Exhibit 5 attached hereto and incorporated herein by reference, from* www.gpgrp.com/about-us/ *visited on January 22, 2026.*

17) GP Group has used and continues to use GRAPHIC PACKAGING GROUP mark in connection with packaging, offset printing, flexographic printing, variable imaging, binding, cutting, folding, die-cutting, warehousing and kitting services. *See Exhibit 6 attached hereto and incorporated herein by reference, from* www.gpgrp.com/services/ *visited on January 22, 2026.*

18) GP Group operates in the following markets: direct print mailing, food & beverage, health & beauty, cannabis & CBD, and industrial. *See Exhibit 7 attached hereto and incorporated herein by reference, from* www.gpgrp.com/markets/##foodandbeverage *visited on January 22, 2026.*

19) GP Group's GRAPHIC PACKAGING GROUP mark is confusingly similar to GPI's Registered Marks.

20) GP Group uses its GRAPHIC PACKAGING GROUP mark to sell competing goods and services in the same geographic and product markets as GPI.

21) Unless the Court enjoins GP Group from using its infringing GRAPHIC PACKAGING GROUP mark, such use will continue to cause consumer confusion and will cause irreparable harm to GPI.

**COUNT I - FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

22) GPI realleges and incorporates by reference the allegations of paragraphs 1–21 inclusive, as though fully set forth herein.

6

23) GPI is a leading global provider of paperboard-based packaging solutions, specializing in folding cartons, multipack systems, cups, and foodservice packaging. GPI emphasizes sustainability and innovation, serving major consumer brands worldwide with operations across North America, Europe, Asia, and Latin America.

24) GPI traces its roots to the paperboard industry in the early 20th century, evolving through mergers and acquisitions into a major packaging provider. GPI has been named one of *Fortune's World's Most Admired Companies* for three consecutive years (2023–2025).

25) GPI has earned many global awards for sustainable packaging innovations.

26) GPI's has its headquarters in Atlanta, Georgia and operates other facilities in Michigan, Georgia, Ohio, North and South Carolina, Texas, Louisiana, Indiana, Illinois, Tennessee, and New Hampshire.

27) GPI works with leading food, beverage, household, and personal care companies, positioning itself as a trusted partner for world-class brands. GPI is a global leader in sustainable consumer packaging, combining innovation, operational scale, and environmental responsibility to serve multinational brands across diverse markets.

28) GPI's Registered Marks are valid, subsisting, and have never been cancelled.

29) GPI has invested substantial time, effort, and financial resources promoting its Registered Marks in connection with the marketing and sale of its packaging services in interstate commerce.

30) Through widespread and favorable public acceptance and recognition, the Registered Marks comprise assets of substantial value as a symbol of packaging services, quality, and goodwill. The consuming public recognizes the Registered Marks and associates them with GPI.

31) Notwithstanding GPI's preexisting, established rights in the Registered Marks, GP Group adopted and used the confusingly similar mark GRAPHIC PACKAGING GROUP.

32) GPI and GP Group operate in overlapping packaging markets, and GP Group's use of the confusingly similar name "Graphic Packing Group" creates a strong likelihood of trademark infringement against GPI's Registered Marks.

33) In the food & beverage market, GPI provides folding cartons and multipack systems for global beverage brands, and GP Group provides printing for beer, wine, and food labels. Both target food and beverage companies.

34) In the health & beauty market, GPI provides cartons and packaging for personal care products, and GP Group provides printing for health, beauty, cannabis, and CBD industries.

35) In the industrial market, GPI provides large-scale packaging solutions, and GP Group provides thermal transfer and direct transfer labels. Both provide packaging-related services to industrial clients.

36) GP Group's mark GRAPHIC PACKAGING GROUP is nearly identical in sound, appearance, and commercial impression as GPI's Registered Marks.

37) GPI and GP Group both operate in packaging-related markets (food, beverage, health, industrial) and share the same or similar customer base, thereby increasing the likelihood of confusion.

38) GPI and GP Group's channels of trade overlap.

39) The services that GP Group offers, the markets that GP Group operates in, and the geographical location of GP Group's offices, overlap with GPI's services and markets.

40) Without GPI's consent, GP Group has used and continues to use the mark GRAPHIC PACKAGING in connection with the sale, offering for sale, advertising of its competing goods and services.

41) GP Group's use of "Graphic Packing Group" infringes GPI's GRAPHIC PACKAGING trademarks as it creates a likelihood of confusion in overlapping markets.

42) GP Group engaged in its infringing activity despite having constructive notice of GPI's federal registration rights. 15 U.S.C. § 1072.

43) GP Group's actions have and will continue to mislead the public into concluding its services originate with, or are authorized by, GPI.

44) GP Group's actions have and will continue to damage GPI and the public.

45) GPI has no control over the quality of services sold by GP Group, and because of the source confusion caused by GP Group, GPI will likely lose control over its valuable goodwill.

46) GP Group has advertised and offered its services for sale using the infringing mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on GPI's reputation and goodwill.

47) GP Group's unauthorized use of the infringing mark constitutes willful, deliberate, and intentional trademark infringement.

48) GP Group's unauthorized use of the infringing mark in interstate commerce constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

49) As a direct and proximate result of GP Group's trademark infringement, GPI has suffered and will continue to suffer loss of income, profits, and goodwill. GP Group has and will continue to unfairly acquire income, profits, and goodwill.

50) GP Group's acts of infringement will cause irreparable injury to GPI if the Court does not restrain GP Group from further violation of GPI's rights.

51) GPI has no adequate remedy at law. GPI is entitled to a rebuttable presumption of irreparable harm upon the finding of trademark infringement. 15 U.S.C. § 1116(a).

**COUNT II - FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

52) GPI realleges and incorporates by reference the allegations of paragraphs 1–51 inclusive, as though fully set forth herein.

53) GP Group has engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54) GP Group's unauthorized marketing and sale of its packaging services using its infringing mark constitutes a false designation of origin or false representation that wrongfully and falsely designates GP Group's competing services as originating from or connected with GPI and constitute the use of false descriptions or representations in interstate commerce.

55) GP Group's actions constitute intentional, willful, knowing, and deliberate unfair competition.

56) GP Group's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

57) As a direct and proximate result of GP Group's unfair competition, GPI has suffered and will continue to suffer loss of income, profits, and goodwill, and GP Group has and will continue to unfairly acquire income, profits, and goodwill.

58) GP Group's acts of unfair competition will cause further irreparable injury to GPI if the Court does not restrain GP Group from further violation of GPI's rights. GPI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, GPI respectfully requests that this Court grant the following relief:

A.     Entering a judgment that GPI's Registered Marks have been and continue to be infringed by GP Group in violation of 15 U.S.C. § 1114(1);

B.     Entering a judgment that GP Group's uses of the mark GRAPHIC PACKAGING and the URL www.gpgrp.com, constitute federal unfair competition in violation of 15 U.S.C. § 1125(a);

C.     Permanently enjoining GP Group and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark GRAPHIC PACKAGING, the URL www.GPGRP.com, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, provide, or identify GP Group's services where that designation would create a likelihood of confusion, mistake or deception with GPI's Registered Marks;

D.     Permanently enjoining GP Group from expanding, opening new offices, acquiring new customers, or acquiring any new business, under the infringing name GP Group or any confusingly similar designation.

E.     Pursuant to 15 U.S.C. § 1116(a), directing GP Group to file with the Court and serve on GPI within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.     Pursuant to 15 U.S.C. § 1118, requiring that GP Group and all others acting under its authority, at their cost, be required to deliver up and destroy all

12

devices, literature, advertising, labels, signs, and other material in their possession bearing the infringing designation;

      G.      Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to GP Group any trademark registration for its Infringing Marks or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with GPI's Registered Marks;

      H.      Ordering GP Group to transfer the domain name www.GPGRP.com to GPI, and any adwords that use the term GRAPHIC PACKAGING or GP Group;

      I.      Awarding GPI all damages it sustained as the result of GP Group's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

      J.      Awarding to GPI all profits received by GP Group from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

      K.      Awarding GPI its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case; and

      L.      Granting GPI such other and further relief as the Court may deem just.

March 6, 2026                    Respectfully submitted,

                                                     BY CUMMINGS & LOCKWOOD LLC

                                                   By /s/ *William N. Wright*
                                                   William N. Wright (ct28148)
                                                 James H. Golicz (ct31155)
                                                 Six Landmark Square
                                                 Stamford, CT  06901
                                                 (T) 203-327-1700
                                                 (F) 203-708-3892
                                                 wwright@cl-law.com
                                                 jgolicz@cl-law.com

                                                 *Attorneys for Plaintiff*
                                                 *Graphic Packaging International, LLC*

9536404.1.docx 3/6/2026 CM:380974-0001